JULY 29, 1801.

# Archibald Woods *v.* John Patrick and wife.

*Upon an appeal from a decree of the Lexington District Court.*

An entry on a land warrant which calls to adjoin a pre-emption appendant to a settlement, made before the pre-emption had been located with the surveyor, is too uncertain and can not be sustained.

Before the trial of this cause in the inferior court, it was agreed by and between the complainant and defendant, that the bill should be dismissed without prejudice, so far as respected the claim of the complainant, under his purchase of William Hoy. And that the suit should be tried only as to the validity of the complainant's claim to the land, founded on Birt's entry; but the entry not having been made in the said cause, it is further agreed that it shall now be made.

And the court being now sufficiently advised of and concerning the premises, and having inspected the record and proceedings herein, delivered in the following written opinion, to-wit:

The appellant being now the complainant in the original suit, it is necessary to inquire, whether he obtained the first legal right to the land in contest. Had the claims to the lands on which his entry depends, been all entered with the surveyor before he made his entry, it appearing that they have not been surveyed strictly conformable to their locations, it is probable, that if their true situations were ascertained, he would on that account fail of success. But to answer the inquiry which has been stated, it will be sufficient to observe that this court accords with the district court in opinion, that it is only requisite to determine, whether an entry made on a land warrant, which calls to adjoin a pre-emption appendant to a settlement, prior to the location of the pre-emption with the surveyor, is not so vague and uncertain that it can not be sustained, to the destruction of an elder legal title. When it is considered, that such pre-emptions were not required to be located with the commissioners, and that land warrants of every description were required to be located so specially and precisely as that others might be enabled with certainty to locate other warrants

on the adjacent residuum, it seems to this court, that the entry of the appellant is materially and fatally defective, and as the patent of the appellees was obtained even before a survey was made on the entry in question, that the decree of the district court is supported both by law and equity. It may be proper further to observe, that the last decree, in the case *Kenny* against *Whitlidge*, can not be applied to this case; because the court has cautiously limited the doctrine on which that decree is founded, to settlement rights allowed to villagers; and stated as reasons for so doing, that the location of settlements, with the commissioners, were only required to be made as particular as may be, and that the claimants of settlement village rights, when they were obliged to apply to the commissioners, could not, with any prospect of success, make their locations more special, than by calling to adjoin, in some particular way and form, those settlements and pre-emptions which had before been allowed by the commissioners; and the court still thinks that these reasons are conclusive. To which may be added, that courts have no power to change the law, or to aid the purchasers of land warrants, in avoiding the hardships thereby imposed on them; nor can they justly complain, inasmuch as all of them, except the owners of old military warrants, did, or might have known, the conditions to which they were subjected when they made their purchase: And as to the old military warrants, they were issued on the condition that they should only be surveyed on lands which were vacant when the surveys were made; and at a time when multitudes of legal claims to lands existed which were more vague than those established by the commissioners.

Wherefore, it is decreed and ordered, that the said decree of the said district court, do stand unaltered and affirmed, and that the appellant pay unto the appellees their costs in this behalf expended. And it is further decreed and ordered, that the said court do make such other decrees and orders in the suit as law and equity may require, which is ordered to be certified to the said court.